IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILIPPI S. LOWE,
          Plaintiff,

vs.                                      3:07cv493/MCR/MD

ELOISE M. SMITH, et al.
          Defendants.

---

## <u>REPORT AND RECOMMENDATION</u>

      This case is before the court upon plaintiff's amended complaint against defendants Eloise Smith, the estate of Richard Smith, the State of Florida, USAA Insurance and the United States of America.  (Doc. 12).  Plaintiff asserts that the court's jurisdiction is based upon diversity of citizenship and alleged violations of the Fifth and Fourteenth Amendment to the U.S. Constitution.   Upon review of plaintiff's complaint, it is the opinion of the undersigned that plaintiff has not stated an actionable federal claim and that this case should be dismissed.

      Plaintiff, a resident of Alabama, alleges that he was involved in a motor vehicle accident resulting in property damage and bodily injury in Pensacola, Florida on September 4, 2002.  On that date, a vehicle driven by Richard Smith rear-ended plaintiff's vehicle while he was stopped at traffic light.  He contends that it was obvious that Smith and passenger Eloise Smith had been drinking, but that the State of Florida Highway Patrol ("FHP") used "race as grounds to illegally aid the white drunk drivers" and did not give the Smith's sobriety tests or citations for drunken driving.[1]  (Doc. 12 at 2-3).  Plaintiff repeatedly asserts

---

[1]Plaintiff refers to multiple drivers, and suggests that the passenger, Eloise Smith, should have been given a sobriety test, but Richard Smith was the individual driving the vehicle.

that race was the basis for the FHP's actions, although other than the fact that he is black and the Smiths are Caucasian offers no basis for his belief.  He claims that the illegal acts by the FHP/State of Florida have resulted in him being unable to settle the legal action arising out of this accident that is still causing damages and loss to him to this day.  (Doc. 12 at 5).  Plaintiff claims that Eloise Smith was an "accessory to the fact" because she allowed Richard Smith to drive her USAA insured vehicle, knowing he had been drinking, and that she conspired with the Florida Highway Patrol to suppress evidence, obstruct justice, and stop an FHP officer in the legal performance of her duty. Plaintiff claims that United Service Automobile Association (USAA) conspired with an individual employed by the Family Medical Center in Evergreen Alabama to block plaintiff from receiving medical attention.  (Doc. 12 at 5).  The United States is faulted for failing to investigate the "discrimination" reported by plaintiff.

Plaintiff has made multiple attempts to litigate his claims against the defendants named in this action.  Plaintiff brought a claim against Richard Smith and Eloise Smith pursuant to 28 U.S.C. § 1391 in case 3:06cv100/MCR/MD.   This case was dismissed on January 31, 2007 for plaintiff's failure to prosecute and to comply with an order of the court after he failed to respond to a discovery motion.  Case 3:06cv248/MCR/MD against the State of Florida was dismissed on January 12, 2007 for failure to prosecute after plaintiff failed to timely file an amended complaint.   Case 3:06cv382/MCR/MD against USAA Insurance Agency was likewise dismissed on February 6, 2007 for plaintiff's failure to timely file an amended complaint.  Finally, case 3:07cv500/WS/EMT against the State of Florida was dismissed for lack of subject matter jurisdiction and Eleventh Amendment immunity on January 10, 2008.  After judgment was entered in that case, plaintiff filed an "amended second motion objection to the State of Florida being dismissed from the consolidate case 3:07cv493/MCR/MD," in which he makes essentially the same arguments for the State's liability that he makes in the amended complaint currently pending before this court.  The motion was denied based on the district court's dismissal after consideration of the merits of plaintiff's case.

Plaintiff's claim against the State of Florida is clearly subject to dismissal in this case. As plaintiff was advised previously, he may not bring an action for monetary damages against a state, state agency, or state officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989); *Miller v. King*, 384 F.3d 1248, 1259 (11th Cir. 2004); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995).  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a damages suit brought by a private individual against a state in federal court. *Federal Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Dep't of Heath and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986).

Plaintiff also attempts to state an equal protection claim under the Fifth and Fourteenth Amendments against the named defendants.  "[T]o establish an equal protection claim, a plaintiff must demonstrate that (1) 'he is similarly situated with other persons who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (quoting *Damiano v. Florida Parole & Probation Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)).  Plaintiff has not set forth any allegations suggesting that he was similarly situated with other individuals who received more favorable treatment.  Thus, having failed to allege facts sufficient to satisfy both of these elements, his equal protection claim should be dismissed.

 Plaintiff also makes allegations of "conspiracy."   He claims that defendant Eloise Smith conspired with the FHP officers to "suppress evidence and obstruct justice," and that the defendant USAA conspired with an office manager at the Evergreen Alabama Family Medical Center to prevent plaintiff from receiving medical attention. A complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990); *Arnold v. Board of Education of Escambia County, Alabama*, 880 F.2d 305, 309 n.2 (11th Cir. 1989); *Kearson v. Southern*

*Bell Telephone & Telegraph Co.*, 763 F.2d 405, 407 (11th Cir. 1985), *cert. denied*, 474 U.S. 1065 (1986).  The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must show that the defendants reached an agreement or understanding to commit the acts.  *Bendiburg, supra; Addickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970); *see also Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988); *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984).  Further, sufficient factual information must be presented so that there is an adequate basis for believing that the conspiracy existed.  *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  Since plaintiff provides no background of material facts with which to support his allegation of a conspiracy against him, his allegations as stated are not actionable and should be dismissed.

Finally, to the extent the plaintiff attempts to sue the United States, a suit against the United States in tort arises under the Federal Tort Claims Act, 26 U.S.C. 2671, et seq. only after proper exhaustion of administrative remedies.  Plaintiff has not set forth facts setting forth his entitlement to proceed under that statute.


Accordingly, it is respectfully RECOMMENDED:

Plaintiff's case be dismissed for failure to state an actionable federal claim against the named defendants.

At Pensacola, Florida this 17th day of March, 2008.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).